UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
U.S. BANK NATIONAL ASSOCIATION,

                Plaintiff,                      **MEMORANDUM AND ORDER**

        v.                                  20-CV-849 (RPK) (RLM)

ROHIT NANAN and NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD,

                Defendants.
----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      On June 17, 2021, Magistrate Judge Roanne L. Mann issued a *sua sponte* Report and Recommendation ("R. & R.") that recommended dismissing this action with prejudice for failure to prosecute. R. & R. (Dkt. #9). More than three months later, plaintiff U.S. Bank National Association ("USBNA") untimely sought an extension of time to respond to Judge Mann. Ltr. Mot. for Ext'n of Time (Dkt. #12) ("Mot. for Ext'n"). For the reasons that follow, USBNA's extension motion is denied, and the R. & R. is adopted in part. USBNA's failure to litigate this case or comply with Court orders warrants sanctions. But as explained below, instead of dismissing the case under Rule 41(b) of the Federal Rules of Civil Procedure, plaintiff's lead attorney, Stephen J. Vargas, is sanctioned $1,000.

## BACKGROUND

      USBNA first filed this action on February 17, 2020. Compl. (Dkt. #1). After filing a notice of *lis pendens* on March 4, 2020, *see* Notice (Dkt. #6), and proof of service on October 12, 2020, *see* Summons Returned Executed (Dkt. ##7-8), USBNA stopped prosecuting the case. After seven months of inactivity, Magistrate Judge Mann directed USBNA to file a status report. May 19,

1

2021 Order. USBNA ignored the order. USBNA then ignored two more orders from Judge Mann. *See* May 27, 2021 Order *and* June 3, 2021 Order. On June 3, Judge Mann warned USBNA that its inactivity would result in sanctions, including possible dismissal for failure to prosecute, and gave USBNA five days to show cause why the action should not be dismissed. June 3, 2021 Order. Finally, eight months after USBNA ceased all activity on the docket, Judge Mann issued a *sua sponte* R. & R. recommending dismissal with prejudice for failure to prosecute. R. & R. Now, nearly three months after Judge Mann issued her R. & R., USBNA untimely moves for an extension of time to respond to Judge Mann's June 3, 2021 show cause order. Mot. for Ext'n.

## LEGAL STANDARD

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When no party has objected to a magistrate judge's recommendation, the recommendation is reviewed, at most, for "clear error." *See* Fed. R. Civ. P. 72(b), Advisory Committee's Notes (1983); *e.g.*, *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019). Clear error will be found only when, upon review of the entire record, the Court is left with "the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006). Conversely, the district court reviews *de novo* "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). Parties have fourteen days to file objections. *Ibid*.

## DISCUSSION

USBNA's untimely motion for an extension of time to respond to Judge Mann's order is denied. The R. & R. is adopted in part. The case will not be dismissed, but based on the failure to prosecute and failure to comply with court orders outlined in the R. & R., plaintiff's lead attorney, Stephen J. Vargas, is sanctioned $1,000.

I.     **The Motion for an Extension of Time Is Denied**

Since USBNA does not establish excusable neglect, its untimely motion for an extension of time is denied.

A court may only grant an untimely motion if the moving party can show it "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). To determine whether a party has shown excusable neglect, the Court considers "all relevant circumstances." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). These include "[1] the danger of prejudice . . . , [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Ibid*. In making this assessment, the inquiry often begins and ends with the reason for the litigant's delay. Typically, "the first two *Pioneer* factors will favor the moving party." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003). The delay will often be minimal and prejudice negligible. *Ibid*. "And rarely in the decided cases is the absence of good faith at issue." *Ibid*. Therefore, the analysis usually focuses on the third factor—the reason for the litigant's delay. *Joseph v. Korn*, No. 19-CV-7147 (EK) (SMG), 2021 WL 912163, at *2 (E.D.N.Y. Mar. 9, 2021). When confronted with unjustified delays, the courts take a "hard line." *Ibid*. (quoting *Silivanch*, 333 F.3d at 368). "Absent a sufficient reason," even "minimal" delay and prejudice "w[ill] not excuse [a litigant's] mere inadvertence." *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 228 (2d Cir. 2004).

Since USBNA's delay resulted from inattention to the docket, its delay cannot be excused. "[A] delay attributable solely to a [litigant's] failure to act with diligence cannot be characterized as excusable neglect." *Padilla v. Maersk Line, Ltd.*, 721 F.3d 77, 84 (2d Cir. 2013) (internal quotation omitted). This rule applies with particular strength when the deadline is clear. *See Mason Tenders Dist. Council Welfare Fund v. LJC Dismantling Corp.*, 400 F. Supp. 3d 7, 22

3

(S.D.N.Y. 2019) (explaining that failure to comply with a clear rule generally cannot not constitute excusable neglect).

Two attorneys represent USBNA in this case: Stephen Vargas and Nicholas Bebirian. Mr. Vargas is listed as "lead attorney," and Mr. Beberian is the "attorney to be noticed." ECF Header. Both Mr. Vargas and Mr. Bebirian filed on the docket at this case's inception. *See* Compl. (filed by Mr. Bebirian); Summons Returned Executed (Dkt. ##7-8) (filed by Mr. Vargas). In his letter to the Court, Mr. Vargas attributes USBNA's disregard for three Court orders and nearly year-long delay to the fact that Mr. Bebirian and Mr. Vargas work for different firms, so only Mr. Bebirian received the Court's orders. Mot. for Ext'n. To cure this error, Mr. Vargas adds that he is "in the process of filing a notice of appearance of counsel in his place." *Ibid.*

These representations fail to explain why Mr. Vargas neglected to monitor the docket himself. All "attorneys have a duty to be aware of entries on the docket of their client's cases and are on constructive notice of such entries." *Shervington v. Vill. of Piermont*, 732 F. Supp. 2d 423, 425 (S.D.N.Y. 2010) (internal quotations omitted). Even if Mr. Bebirian was the attorney to be noticed, Mr. Vargas has personally taken an active role in this litigation since at least October 2020, twice filing items on the docket. *See* Summons Returned Executed (dated October 2020). As USBNA's counsel and a direct participant in the prosecution of the case, Mr. Vargas had constructive notice of the docket entries concerning his client. Mr. Vargas also now appears as USBNA's *lead* attorney. *See* ECF Caption. Since poor supervision is not grounds for finding excusable neglect, he cannot escape his own duty simply by pointing out that co-counsel came up short. *See Joseph*, 2021 WL 912163, at *2 (citing *United States v. Hooper*, 43 F.3d 26, 29 (2d Cir. 1994)). And if Mr. Vargas only just assumed a supervisory role, he does not say so.

4

Moreover, even if Mr. Vargas could pass the buck to Mr. Bebirian, he does not explain why *Mr. Bebirian* ignored the Court's orders. Like Mr. Vargas, Mr. Bebirian has "a duty to be aware of entries on the docket in [his] client's cases." *Shervington*, 732 F. Supp. 2d at 425 (internal quotations omitted). Mr. Vargas's letter contains no reasons why Mr. Bebirian's failure to perform his duties should be excused either.

In the end, these explanations boil down to a lack of diligence. USBNA's lead counsel did not monitor the docket himself, USBNA's lead counsel did not adequately supervise co-counsel, and USBNA's co-counsel did not monitor the docket. Since "failure to act with diligence cannot be characterized as excusable neglect," the Court is unable to excuse the delay. *Padilla*, 721 F.3d at 84. Plaintiff's untimely motion for an extension of time is therefore denied.

**II.        Counsel Is Sanctioned $1,000, but the Case Will Not Be Dismissed at this Time**

The Court adopts the R. & R.'s description of plaintiff's failure to prosecute this case but determines that the appropriate sanction for plaintiff's failures at this time is a monetary sanction imposed on counsel. Rule 41(b) authorizes a district court to dismiss an action "if the plaintiff fails to prosecute or to comply with the rules or a court order." *See Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (brackets omitted). Although the text of Rule 41(b) refers to a defendant's "mo[tion] to dismiss the action or any claims against it," Fed. R. Civ. P. 41(b), it is "unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). A dismissal may be with prejudice or without prejudice. Because "the sanction of dismissal with prejudice has harsh consequences for clients, who may be blameless, it should be used only in extreme situations, and even then only upon a finding of willfulness, bad faith, or reasonably serious fault." *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013) (citations omitted).

5

In considering whether to dismiss a case for failure to prosecute, a district court must weigh:

(1) whether plaintiff "caused a delay of significant duration";

(2) whether plaintiff was "given notice that further delay would result in dismissal";

(3) whether defendant was "likely to be prejudiced by further delay";

(4) whether dismissal would balance "the need to alleviate court calendar congestion . . . against plaintiff's right to an opportunity for a day in court"; and

(5) whether lesser sanctions would be effective.

*United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). "No single factor is generally dispositive." *Baptiste*, 768 F.3d at 216. These factors favor dismissal without prejudice, accompanied by monetary sanctions on plaintiff's counsel.

The first three factors all counsel in favor of a significant sanction. First, plaintiff has caused serious delay. USBNA failed to litigate the case for nearly a full year, and it ignored Judge Mann's deadline for over three months. *Compare* Summons (dated 10/12/2020) *with* Ltr. Mot. for an Ext'n of Time (Dkt. #10) (dated 9/27/2021). Second, plaintiff was given notice that further delay would result in sanctions including dismissal. On June 3, 2021, Judge Mann admonished plaintiff for failing to comply with two successive orders and warned plaintiff that she might "dismiss[] . . . this action[] for [plaintiff's] repeated failures to respond to this Court's orders." June 3, 2021 Order. Third, prejudice to defendant is presumed where, as here, plaintiff has caused an "unreasonable delay." *Lesane*, 239 F.3d at 210 (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)); *see Terry*, 2020 WL 5913409, at *2.

The final two factors suggest, however, that appropriate sanction at this time is a monetary sanction imposed on plaintiff's attorneys directly. *Norden Sys.*, 375 F.3d at 254 (directing courts

6

to strike a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard" and to consider the possibility of relatively less severe sanctions). "[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations," *Koehl v. Bernstein*, 740 F.3d 860, 862 (2d Cir. 2014) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)), and "the more the delay was occasioned by the lawyer's disregard of his obligation toward his client, the more this . . . argues in favor of a less drastic sanction" than dismissal with prejudice, "imposed directly on the lawyer," *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 469 (2d Cir. 2013) (quoting *Dodson v. Runyon*, 86 F.3d 37, 40 (2d Cir. 1996)). Here, the record does not indicate that plaintiff's failure to prosecute was due to a cause other than counsels' "disregard of [their] obligation toward [their] client." *Ibid.* And while plaintiff occasioned significant delay in this case, the delay was not so great that dismissal is required to balance the interests in "alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard." *Norden Sys.*, 375 F.3d at 254.

Accordingly, rather than dismiss the case with prejudice, I sanction plaintiff's lead attorney, Stephen J. Vargas, $1,000. The payment must be made to the Clerk of Court. Proof of payment shall be filed on the docket by January 28, 2022, or the case shall be dismissed.

## CONCLUSION

Plaintiff's untimely motion is denied. The R. & R. is adopted as modified. Plaintiff's lead attorney, Stephen J. Vargas, must pay $1,000 to the Clerk of Court as a sanction for failure to prosecute this case and failure to comply with Judge Mann's order. Proof of payment must be filed on the docket by February 4, 2022.

SO ORDERED.

                                                                       */s/ Rachel Kovner*
                                                                       RACHEL P. KOVNER
                                                                       United States District Judge

Dated:  January 24, 2022
          Brooklyn, New York