```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
U.S. BANK NATIONAL ASSOCIATION,
not in its Individual Capacity but Solely
as Trustee for the RMAC Trust, Series
2016-CTT,

                        Plaintiff,

        -against-

ROHIT NANAN and NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD,

                        Defendants.
-----------------------------------------------------x
```
**MEMORANDUM AND ORDER**
20-CV-849 (RPK) (RLM)

RACHEL P. KOVNER, United States District Judge:

Plaintiff U.S. Bank National Association, in its capacity as Trustee for the RMAC Trust, Series 2016-CTT, filed this lawsuit against Rohit Nanan and the New York City Environmental Control Board, seeking to foreclose a mortgage encumbering real property at 129-19 145th Street, in Jamaica, New York. *See* Compl. ¶ 1 (Dkt. #1). After defendants failed to answer, plaintiff obtained a certificate of default and moved for default judgment. *See* Clerk's Entry of Default (Dkt. #17); Mot. for Default J. (Dkt. #19). I referred plaintiff's motion to Magistrate Judge Mann, who determined that the motion for default judgment should be denied without prejudice because plaintiff failed to properly substantiate its requested damages. *See* Mem. & Order ("M. & O.") 10–16 (Dkt. #30). Plaintiff timely objected. Mem. in Opp'n (Dkt. #31). I assume familiarity with the facts and procedural history set out by Judge Mann. *See* M. & O. 2–8. For the reasons discussed below, plaintiff's objections are overruled and the motion for default judgment is denied without prejudice.

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is

1

shown by affidavit or otherwise, the clerk must enter the party's default." After a certificate of default is issued, the moving party must obtain entry of a default judgment. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); *see* Fed. R. Civ. P. 55(b). "[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability, [but] it is not considered an admission of damages." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (citation omitted). Accordingly, a district court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). "Where, on a damages inquest, a plaintiff fails to demonstrate its damages to a reasonable certainty, the court should decline to award any damages even though liability has been established through default." *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012).

In this case, Judge Mann determined that plaintiff's motion for default judgment should be denied without prejudice because the requested damages are not properly substantiated. M. & O. 10–16. Judge Mann styled her decision as a memorandum and order, rather than a report and recommendation, because the denial of a motion for default judgment with leave to refile is not dispositive of any party's claim or defense. *Id.* at 2. A district court may only modify or set aside portions of a magistrate judge's decision on a nondispositive matter that are "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). In challenging Judge Mann's decision, plaintiff instead invokes the standard of review applicable to dispositive motions. If a party timely objects to a magistrate judge's recommendation on a dispositive matter, the district court must "determine de novo" those parts of the ruling that have been "properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). Those parts of a report and recommendation that are uncontested or are

2

not properly objected to may be reviewed, at most, for "clear error." *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019); *see Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citing Fed. R. Civ. P. 72 advisory committee's note to 1983 addition).

Even assuming that Judge Mann's decision is properly treated as a report and recommendation on a dispositive issue, plaintiff provides no basis to disturb Judge Mann's ruling based on *de novo* review. Plaintiff contends that it in fact submitted sufficient evidence to support its requested damages. Mem. in Opp'n 3–6. Plaintiff points to a 248-page exhibit submitted in support of its motion, including, *inter alia*, an affidavit from the assistant vice-president of the loan servicer for the loan at issue in this case, a copy of the loan modification agreement, a printout of account activity relating to the underlying mortgage loan transaction, and dozens of unidentified loan documents (including a set of documents labeled "DO NOT SEND TO COURT"). *See* Aff. in Supp. of Mot. for Default J., Ex. G (Dkt. #21-7). According to plaintiff, these documents establish plaintiff's entitlement to $490,687.45 in damages, which breaks down as follows:

| | |
|---|---|
| Unpaid principal balance | $290,247.62 |
| Non-interest-bearing deferred principal balance | $176,289.69 |
| Unpaid accrued interest | $13,851.77 |
| Late charges | $90.65 |
| Hazard insurance disbursements | $2,668.85 |
| Tax disbursements | $7,568.42 |
| Property inspections/preservation disbursements | $261.00 |
| Credits to borrower | -$1,377.11 |
| Title search disbursement | $325.00 |
| Fees | $761.56 |

*Id.*, Ex. K (Dkt. #21-11).

Even under *de novo* review, however, plaintiff's damages request is not sufficiently substantiated. First, as to unpaid principal and interest, "Plaintiff fails to explain why the requested amounts are warranted, how they were calculated, or how they are supported by Plaintiff's papers." *U.S. Bank Nat'l Ass'n as Trustee for RMAC Trust, Series 2016-CTT v. Kozikowski*, No. 19-CV-

3

00783 (DLI) (CLP), 2022 WL 4596753, at *8 (E.D.N.Y. Sept. 30, 2022) (concluding that plaintiff's submissions, which mirror the submissions in this case and were filed by the same counsel on behalf of the same plaintiff, did not properly substantiate plaintiff's damages request). Although plaintiff establishes that Nanan owed $474,316.92 in unpaid principal as of June 15, 2018, *see* Aff. in Supp. of Mot. for Default J., Ex. G 15–24, plaintiff fails to identify any subsequent payments Nanan made, *see id*. at 1–4, 85–89. Instead, plaintiff merely asserts that "payments were made by [Nanan] that were insufficient to cur[e] the default and reinstate the loan." *Id*. at 3. To the extent these payments might be reflected in the appended transaction records, *see id*. at 85–89, plaintiff fails to explain how to interpret these records and how they substantiate plaintiff's damages request. *See Kozikowski*, 2022 WL 4596753, at *8 ("Plaintiff cannot expect the Court to sift through its supporting documentation while engaging in guesswork to figure out how Plaintiff reached the amounts stated in the [submitted] Affidavit."); *OneWest Bank, N.A. v. Hawkins*, No. 14-CV-4656 (NGG), 2015 WL 5706945, at *8 (E.D.N.Y. Sept. 2, 2015) (denying a damages request supported by "a computer 'screen-print' that allegedly summarizes the payoff calculations" because "plaintiff has not stated anywhere in its papers exactly how many payments were made by defendants prior to the default and the total dollar amounts paid"), *report and recommendation adopted*, 2015 WL 5706953 (E.D.N.Y. Sept. 28, 2015).

Relatedly, plaintiff fails to properly substantiate its damages with respect to the late charges, hazard insurance disbursements, tax disbursements, property inspections, preservation disbursements, title search disbursement, and fees. The only documentation of these damages appears to be as itemizations in the transaction records, *see* Aff. in Supp. of Mot. for Default J., Ex. G 85–89, but, as discussed above, plaintiff "fails to explain how the transaction records substantiate the total amounts that Plaintiff requests as to each category or how these requested

totals were otherwise reached." *Kozikowski*, 2022 WL 4596753, at *8. Moreover, plaintiff's allegations are inconsistent with these records. For example, plaintiff claims $747.85 for a June 25, 2020 hazard insurance disbursement, Aff. in Supp. of Mot. for Default J., Ex. G 3, but the transaction records reflect a $1,688.00 hazard insurance disbursement for June 25, 2020, *id*. at 88. Given plaintiff's inconsistent allegations and the ambiguity over how to interpret the transaction records, I cannot ascertain plaintiff's damages with "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc.*, 183 F.3d at 155; *cf. Freedom Mortg. Corp. v. Jett*, No. 2:18-CV-3306 (ADS) (SIL), 2019 WL 3805103, at *1–2 (E.D.N.Y. Aug. 13, 2019) (awarding damages that could be calculated with reasonable certainty while denying damages that were insufficiently substantiated).

I am not persuaded by plaintiff's assertion that "there are numerous decisions in which the District Courts awarded foreclosing parties all, or the vast majority, of the damages sought based on substantially similar affidavits and business records." Mem. in Opp'n 5. As plaintiff recognizes, several courts have denied damages requests that were supported by similar documentation and explanation as in this case. *See, e.g.*, *Kozikowski*, 2022 WL 4596753, at *8; *Hawkins*, 2015 WL 5706945, at *8; *Lightning 1179 LLC v. Rodriguez*, No. 17-CV-6311 (MKB) (ST), 2020 WL 7000902, at *2 (E.D.N.Y. Sept. 18, 2020), *report and recommendation adopted*, 2020 WL 6042000 (E.D.N.Y. Oct. 13, 2020); *OneWest Bank, N.A. v. Vaval*, No. 14-CV-3437 (CBA) (PK), 2016 WL 3945342, at *3 (E.D.N.Y. July 19, 2016). And for the reasons discussed above, I do not agree with plaintiff's assertion that its damages are adequately "explained and itemized." Mem. in Opp'n 5.

## CONCLUSION

Plaintiff's objections are overruled, and the motion for default judgment is denied without prejudice to refiling.

SO ORDERED.

                                                   /s/ Rachel Kovner
                                                  RACHEL P. KOVNER
                                                  United States District Judge

Dated:         November 10, 2022
                Brooklyn, New York